**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Hodges, | ) | Civil Action No. 2:16-3021-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Speedway LLC *f/k/a Hess Corporation/* | ) | |
| *Wilcohess, LLC,* | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's motion for summary judgment. For the reasons set forth below, the Court grants the motion.

I.     **Background**

On July 22, 2013, Plaintiff pulled up to the fuel pumps at the Speedway convenience store at 8620 Dorchester Road in North Charleston, South Carolina, exited his vehicle, and walked inside the gas station to pay. When he exited the store, he fell down. Plaintiff asserts that "going in I had to step up on the curb and walk in. And coming out I had to step down. But as I was moving my foot forward, my foot caught the lip of that flashing" which was "sticking out" on the curb. (Dkt. No. 15 at 1–2.) Plaintiff alleges he suffered "personal injuries." (Dkt. No. 1-1 ¶ 5.) On July 7, 2016, Plaintiff filed the present action in the Dorchester County Court of Common Pleas, seeking unspecified actual and punitive damages. Defendant removed to this Court on September 2, 2016. Discovery is now complete, but consists only of the deposition of Plaintiff. Defendant has moved for summary judgment; in response to that motion, Plaintiff has provided an affidavit with photographs of the curb upon which he tripped attached as exhibits. (Dkt. No. 15-1.) Those photographs apparently were also exhibits at his deposition.

## II.    Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324.  Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.*  Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    Discussion

Plaintiff was an invitee at Speedway on July 22, 2013.  "The owner of property owes to an invitee . . . the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Sims v. Giles*, 541 S.E.2d 857, 863 (S.C. Ct. App. 2001).  Generally, "[t]he landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge." *Id.*  The "possessor of land is not liable

to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id.* at 864. The landowner also has a duty to his invitees to "refrain[] from any act which may make the invitee's use of the premises dangerous or result in injury to him." *Id.* But "[t]he mere fact that there is a difference between the levels in the different parts of the premises does not, in itself, indicate negligence unless, owing to the character, location and surrounding condition of the change of level, a reasonably careful person would not be likely to expect or see it." *Denton v. Winn-Dixie Greenville, Inc.*, 312 S.C. 119, 121 (S.C. Ct. App. 1993)).

Plaintiff has no evidence that the character, location, or condition of the curb he tripped on would cause a reasonably careful person not to see the curb or its flashing—*i.e.*, that there was anything dangerous about the step that was not open and obvious. Instead, Plaintiff testified,

> Q: Well, you're exiting the gas station, and you come to the curb and, you know, there's a break in the flashing, and you stepped on that.
>
> A: I didn't see that.
>
> Q: Do you believe that somebody paying reasonable attention when they were leaving the store would have seen the condition?
>
> A: Generally, when people are leaving the gas station, you know, you know you have to step down, but most people are focused on their vehicles. They're going back to their vehicles, or they're looking around, so [ t]hey're generally not looking down.
>
> Q: But looking at these pictures now, can you see the condition?
>
> A: Yeah, because I fell. So I'm aware that it's there now because I fell, which makes me more aware.

(Dkt. No. 15-2 at 48–49.) In other words, Plaintiff admits the danger was open and obvious, but he asserts that he was reasonably distracted. Under South Carolina law, a premises owner may be liable for injuries caused to a distracted invitee by an open and obvious danger, *but only if the owner has reason to expect the invitee would be so distracted as to miss the danger despite its*

*obviousness. Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 126, 406 S.E.2d 361, 362–63 (1991) ("[A]n owner may be required to warn the invitee, or take other reasonable steps to protect him, if the 'possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious . . . or fail to protect himself against it.'" (quoting Restatement (Second) Torts § 343A, cmt. (f) (1965))).

In his deposition testimony, Plaintiff admits that a reasonably careful person who was looking where he would see the curb and its flashing. He does not claim the curb had any characteristics material to this case that a reasonably careful person could not have discerned. The photographs of the step provided by Plaintiff—that according to Plaintiff accurately depict the step at the time of his fall—corroborate that. (*see* Dkt. Nos. 15-1 at 6–10; 15-2 at 39–40.) Instead, Plaintiff claims he was distracted when exiting the store. Under that theory, it is a necessary element that Defendants should have reasonably anticipated his distraction. But Plaintiff has no evidence to establish that element. Plaintiff provides no evidence that the Speedway placed signs or advertisements in a manner that would distract persons as they stepped from the curb when existing the store, that his vision was obstructed by goods purchased at the Speedway, or that any other person ever tripped on the curb or complained about it. *Cf.* Restatement (Second) of Torts § 343A (1965) cmt. (f) ills. 2–4. Nor does Plaintiff offer expert opinion from professionals with expertise in safe premises design.

Plaintiff's lack of evidence that Defendants should have known of any danger regarding the curb is unsurprising given that Plaintiff has not even alleged that Defendants should have known of any danger. (*See* Dkt. No. 1-1) Defendants, on the other hand, deny any such knowledge. (*See* Dkt. No. 4 ¶ 14.) Because Plaintiff lacks any evidence (or even any allegation) to contest that denial, the Court must find that there is no genuine dispute that Plaintiff cannot

establish a necessary element of his claim. Defendants therefore are entitled to judgment as a matter of law.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment (Dkt. No. 13).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 22, 2017
Charleston, South Carolina